UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRE SIMMONS, | Civil Action No. 14-7205 (FLW) |
| Plaintiff, | |
| v. | OPINION |
| STATE OF NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

**WOLFSON, United States District Judge:**

I.      **INTRODUCTION**

At the time he filed his complaint, Plaintiff was incarcerated at South Woods State Prison.  He is proceeding through counsel in this civil rights action.  Plaintiff initially filed his Complaint in the Superior Court of New Jersey, Mercer County on September 24, 2014 and it was docketed on September 25, 2014. (*See* No. 1.)  The State, on behalf of Defendant New Jersey Department of Corrections ("NJDOC"), subsequently removed this action from the Superior Court to this Court on November 18, 2014.[1]  (*Id.*)  The following day, on November 19, 2014, the State filed a motion to dismiss on behalf of NJDOC.[2]  (No. 3.)  Thereafter, Plaintiff filed a response in opposition to the motion to dismiss and the State filed a reply brief.

---

[1] The State indicates in its notice of removal that "[a] copy of the Complaint and Summons were received by the New Jersey Department of Corrections on October 24, 2014.  Accordingly, this Notice of Removal is timely filed within the thirty days allotted for removal 28 U.S.C. §1446(b)." (No. 1 at 2.)

[2] In its motion to dismiss, the State raised a statute of limitations defense and argued that the NJDOC is not a person for purposes of § 1983 or the New Jersey Civil Rights Act ("NJCRA"). (No 3-1.)  In its reply brief, the State withdrew its statute of limitation defense without prejudice in light of documents attached to Plaintiff's opposition brief.  (No. 6 at 2.)

1

Before analyzing the motion to dismiss, the Court will screen the Complaint pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA") to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the Complaint fails to state a federal claim for relief and will be remanded back to state court.  Accordingly, the Court will deny the State's motion to dismiss without prejudice, and Defendants may raise any remaining issues before the state court.

## II.    FACTUAL BACKGROUND

Plaintiff filed a two count Complaint against NJDOC, South Woods State Prison ("SWSP"), and Central Reception and Assignment Facility ("CRAF").  (No. 1-1.)  He additionally names fictitious parties identified as "John Doe Facility #1-20" and "John Doe Physicians # 1-20."  (*Id.*)

Plaintiff alleges that following facts common to both causes of action:

> 8.     On September 24, 2012, plaintiff, Andre Simmons, was an inmate at either CRAF or SWSP.
>
> 9.     At or about the time and place, the facility through its personnel and or the John Doe defendants knew or should have known of a serious medical needs and conditions [sic] of the plaintiff.
>
> 10.    At or about the time the place [sic] aforesaid, the plaintiff was either going to, returning from, or waiting for medical treatment.
>
> 11.    At that time and place, plaintiff became dizzy and fell to the ground, causing him to sustain serious personal injury.

(*Id.* at ¶¶ 8-11.)  In the first count of the Complaint, captioned "Medical Negligence vs. John Doe, Defendants," Plaintiff incorporates the prior allegations in the Complaint and alleges the

following about the role of the John Doe defendant Physicians in causing or exacerbating his

injuries:

> 13.     The John Doe defendants, who provided medical services
> to inmates through their agent service or employees or
> representatives, failed to render services in accordance with
> contemporary medical standards; failed to initiate appropriate
> medical care; failed to adequately diagnose plaintiff's medical
> condition and were otherwise negligent.

(*Id.* at ¶ 13.)  Plaintiff further alleges that as a result of the "negligence and carelessness of the

John Doe defendants," Plaintiff had incurred and will continue to incur medical expenses, pain,

and suffering. (*Id.* at ¶ 14.)

In the second count of the Complaint, captioned as "Willful Indifference to Medical

Needs," Plaintiff alleges the following with respect to the NJDOC, CRAF and SWSP :

> 16.     NJDOC, CRAF, and SWSP (the corrections defendants)
> are responsible to provide adequate medical services for inmates in
> the state correctional facility system.
>
> 17.     The corrections defendants were willfully indifferent to the
> serious medical needs and conditions of the plaintiff.
>
> 18.     The corrections defendants failed to render treatment or
> diagnose or assess the plaintiff in willful indifference to his serious
> medical needs and conditions.
>
> 19.     The corrections defendants who futher [sic] negligent or
> careless in the failure to provide adequate medical services and/or
> the failure to adequately diagnose or assess the plaintiff.
>
> 20.     The failure set forth in this count violate [sic] the
> provisions of the constitutions of both the state of New Jersey in
> [sic] the United States of America.

(*Id.* at ¶¶ 16-20.)  Plaintiff seeks judgment against all Defendants, attorney's fees, interest, and

cost of suit. (No. 1-1, Compl. at 6.)

### III.   <u>ANALYSIS</u>

### A.  Standard for Sua Sponte Dismissal

Under the PLRA, district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   Here, Plaintiff's Complaint is subject to screening under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim,[3] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

**B. Plaintiff's 1983 Claims Against NJDOC, CRAF, and SWSP Must be Dismissed Because these State Entities are Not Persons Under Section 1983.**

To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

The Complaint asserts that the NJDOC, CRAF, and SWSP are liable under section 1983 because these entities violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when these entities were deliberately indifferent to his serious medical needs. The Court will dismiss the federal claims against the NJDOC, CRAF, and SWSP because they are not "persons" subject to suit under § 1983.[4] *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 70–71 and n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Duran v. Merline*, 923 F.Supp.2d 702, 713, fn. 4 (D.N.J. 2013) (citing *Grabow v. Southern State Correctional Facility*, 726 F.Supp. 537, 538–39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983)); *Ingram v. Atl. Cnty. Justice Fac.*, Civ. No. 10–1375, 2011 WL 65915, *3 (D.N.J. Jan. 7, 2011) (citations omitted) (jail is not a person under section 1983).

---

[4] In an unpublished decision, the Third Circuit has likewise found that only "a person acting under color of law," is a proper defendant under the NJCRA. *See Didiano v. Balicki*, 488 F. App'x 634, 638–39 (3d Cir. 2012) (holding that the NJDOC is not a person under the NJCRA and thus cannot be sued under the NJCRA and affirming grant of summary judgment on Section 1983 and NJCRA claims in favor of NJDOC and NJDOC official sued in official capacity). The Court need not address this issue, however, in light of the Court's decision to remand the state law claims to the Superior Court of New Jersey, Mercer County, as discussed herein.

**C. Plaintiff's Claims Against the John Doe Defendants Arise under State Law and Do Not Implicate Plaintiff's Rights Under Federal Law**

Plaintiff Complaint also names as defendants "John Doe Facility #1-20" and "John Doe Physicians # 1-20." With respect to these fictitious defendants, however, Plaintiff has failed to allege either any identifying characteristics or any facts suggesting that they violated his constitutional rights. Rather, the only constitutional violation asserted in Plaintiff's Complaint is deliberate indifference to serious medical needs, and that claim is directed solely at NJDOC, SWSP, and CRAF, which Plaintiff collectively defines as the "correction defendants." (*See* No. 1-1, Compl. at ¶¶ 15-20.) To state a claim for deliberate indifference to serious medical needs under the Eighth Amendment a prisoner must allege "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety."[5] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003)).

The Court has analyzed Plaintiff's Complaint and finds that Plaintiff does not assert an Eighth Amendment claim or any other federal constitutional claims against the John Doe

---

[5] In the fact section of his Complaint, Plaintiff contends only that that "the facility through its personnel and or [sic] the John Doe Defendants, knew or should have known of a serious medical needs and conditions [sic] of the plaintiff." (No 1-1, Compl. at ¶ 9.) Plaintiff does not allege anywhere in his Complaint, however, that any of the John Doe Defendants were deliberately indifferent to his serious medical needs.

Defendants.  Tellingly, the first count of Plaintiff Complaint, which is captioned "Medical Negligence vs. John Doe Defendants," alleges only state-law negligence by the John Doe Defendant Physicians.  (*Id.* at ¶¶ 12-14.)  "[M]erely negligent misconduct will not give rise to a claim under § 1983; the state defendant must act with a higher degree of intent." *Burton v. Kindle*, 401 F. App'x 635, 637 (3d Cir. 2010) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); *see also Daniels v. Williams*, 474 U.S. 327, 330–30, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Innis v. Wilson*, 334 F. App'x 454, 457 (3d Cir. 2009).  In the context of the Eighth Amendment, deliberate indifference is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  *See Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994).  Thus, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *see also Rouse*, 182 F.3d at 197 ("in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind") (citation and internal quotation marks omitted).  Thus, even assuming that the John Doe Defendants were acting under color of state law, the state-law claim for medical negligence against the John Doe Defendants cannot be the basis for their liability under § 1983.

### D.  The Court Declines to Exercise Supplemental Jurisdiction and Remands the Case Back to the Superior Court of New Jersey, Mercer County

Although the Complaint fails to state a federal claim, Plaintiff also raises state law claims for relief.  Because the Court has dismissed the federal claims, the remaining potential basis for this Court's jurisdiction over Plaintiff's state law claims is supplemental jurisdiction pursuant to

28 U.S.C. § 1367. "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284–1285 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc.*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons*, Inc., 983 F.2d at 1284–1285.

Because Plaintiff's federal claims against the NJDOC, CRAF, and SWSP have been dismissed with prejudice pursuant to the Court's authority under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e, the Court will exercise is discretion to decline supplemental jurisdiction over plaintiff's state law claims.

The Court will not dismiss the case outright, however, because it also has discretion to remand this matter and the remaining state law claims back to the Superior Court of New Jersey for further adjudication. *See, e.g., Monk v. New Jersey*, No. 14–1399, 2014 WL 4931309, at *3 (D.N.J. Oct. 2, 2014) (citing *Whittaker v. CCIS N. of Phila.*, No. 10–1095, 2010 WL 1644492, at

*2 (E.D. Pa. Apr. 22, 2010) ("Where a case has been removed from state court to federal court on the basis of federal question jurisdiction, the United States Supreme Court has recognized that a district court retains the discretion to remand that matter back to state court when all federal law claims have been dropped or dismissed from the action and only pendant state law claims remain.")); *see also Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Aronson v. Chase Bank USA, N.A.*, No. 10–1256, 2011 WL 9599, at *2 (W.D. Pa. Jan. 3, 2011).  The Court will exercise its discretion and remand this matter back to state court on the remaining state law claims.

## IV.   **CONCLUSION**

The Court dismisses with prejudice Plaintiff's federal claims against the NJDOC, CRAF, and SWSP pursuant to the Court's authority under 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e, and the Court declines supplemental jurisdiction over Plaintiff's remaining state law claims.  The State's motion to dismiss is denied without prejudice, and Defendants may raise any remaining issues before the state court.[6]  The matter will be remanded back to the Superior Court of New Jersey, Mercer County.  An appropriate Order follows.

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

Date: June 2, 2015

---

[6] The Court makes no determinations as to whether Plaintiff sufficiently alleges claims for relief under state law or whether Plaintiff could assert federal claims against different defendants.

9